## 48184. SPENCE v. BENT.

PANNELL, Judge. Vera Spence brought a complaint against Mrs. Russell Bent for one day's wages in amount of $15, plus carfare of 30 cents, and the defendant answered denying she was indebted in any amount because of total failure on the part of the plaintiff to perform the work agreed upon, and also counterclaimed, alleging that she had employed the plaintiff for house cleaning after plaintiff's representation that she was a competent and experienced house cleaner, and when plaintiff arrived at the defendant's resident at the time in question the defendant spent approximately an hour and one-half acquainting plaintiff with her duties, etc.; that defendant then left to go to work and returned and found that the plaintiff had failed to perform much of the work agreed upon, and that which was performed was carried out in a totally unsatisfactory manner; garbage was strewn in the laundry room and kitchen,

abrasive cleaners had been used on defendant's mirrors, windows and wood floors, causing damage to defendant's property in amount of $75. Paragraphs 6 and 7 of the counterclaim read as follows: "6. Defendant immediately terminated plaintiff's employment, whereupon plaintiff became belligerent and threatened Mrs. Bent by stating 'We blacks have ways of taking care of people like you.' 7. Later that evening, out of fear generated by plaintiff's threat, Mrs. Bent telephoned plaintiff in an effort to resolve their differences, at which time plaintiff threatened the lives of Mrs. Bent and her children; whereupon defendant contacted the DeKalb County Police and Officer White investigated the complaint."

The prayers were for the recovery of the damages in amount of $75, "plus $1,000 punitive damage . . ." Plaintiff moved to dismiss the counterclaim for failure to state a claim upon which relief may be granted, and also moved to separately strike Paragraphs 6 and 7 on the grounds that the allegations therein contained are immature, impertinent and scandulous and are in no way related to plaintiff's claim or defendant's counterclaim. The trial judge. overruled both motions and the plaintiff, with a proper certificate of review, appealed to this court, enumerating two errors. *Held:*

1. Enumeration of error No. 1 reads as follows: "The trial court erred in denying Plaintiff's Motion to Dismiss Defendant's Counterclaim as to punitive damages since the claim is not specifically pleaded and Defendant would be entitled to no relief as to punitive damages under any state of facts she could prove." No such motion to dismiss "as to punitive damages" was made, and no such motion was passed upon by the trial judge, and the question presented thereby will not be reviewed by this court. The overruling of the motion to dismiss for failure to state a claim upon which relief may be granted, which went to the entire claim, is not enumerated as error; and where damages, other than punitive damages are sought, the first enumerated error cannot be considered an enumeration of error on the overruling of the motion to dismiss going to the merits of the entire counterclaim, as would require review by this court.

2. Enumeration of error No. 2 complains of the overruling of the motion to strike Paragraphs 6 and 7 of the complaint. Assuming without deciding, that the complaint may be deficient as to the recovery of punitive damages because of failure to specifically allege that the acts complained of were wilful and wanton, the

allegations made in Paragraphs 6 and 7 are somewhat related to the question of wilfulness and wantonness and we cannot consider them as immaterial, impertinent and scandulous, and as in no way related to plaintiff's claim or defendant's counterclaim.

3. We find no error in the enumerations made.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 3, 1973 — DECIDED JUNE 15, 1973.

*Thomas A. Bowman,* for appellant.